**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 19-4387**

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

  v.

SHERRY KRISTINE DILLARD,

    Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Columbia. Terry L. Wooten, Senior District Judge. (3:16-cr-00653-TLW-3)

Submitted: December 30, 2019        Decided: January 14, 2020

Before KING, FLOYD, and HARRIS, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Neal D. Truslow, TRUSLOW & TRUSLOW LAW FIRM, Columbia, South Carolina, for Appellant. Benjamin Neale Garner, OFFICE OF THE UNITED STATES ATTORNEY, Columbia, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Pursuant to a written plea agreement, Sherry Kristine Dillard pled guilty to conspiracy to possess with intent to distribute and to distribute oxycodone, in violation of 21 U.S.C. §§ 846, 841(b)(1)(C) (2018). The district court sentenced Dillard to 110 months of imprisonment and 3 years of supervised release. On appeal, counsel for Dillard filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), asserting that there are no meritorious issues for appeal. Counsel sought review, however, of the voluntariness of Dillard's guilty plea, the reasonableness of her sentence, and whether the record demonstrates either prosecutorial misconduct or ineffective assistance of counsel. Dillard did not file a supplemental pro se brief despite receiving notice of her right to do so. The government elected not to file a response to the *Anders* brief and does not seek to enforce the appeal waiver in Dillard's plea agreement.[*] Having conducted our own independent review of the record, we affirm.

First, we consider the voluntariness of Dillard's guilty plea. Prior to accepting a guilty plea, "a trial court, through colloquy with the defendant, must ensure that the defendant understands the nature of the charges to which the plea is offered, any mandatory minimum penalty, the maximum possible penalty, and the various rights the defendant is relinquishing by pleading guilty." *United States v. Williams*, 811 F.3d 621, 622 (4th Cir. 2016). The district court must also ensure that the defendant's plea is voluntary, is

---

[*] Because the government fails to assert the appeal waiver as a bar to this appeal, we may consider the issues raised by counsel and conduct an independent review of the record pursuant to *Anders*. *See United States v. Poindexter*, 492 F.3d 263, 271 (4th Cir. 2007).

supported by an independent factual basis, and does not result from force, threats, or extrinsic promises. Fed. R. Crim. P. 11(b)(2), (3). When reviewing a Rule 11 colloquy, we "accord deference to the trial court's decision as to how best to conduct the mandated colloquy with the defendant." *United States v. Moussaoui*, 591 F.3d 263, 295 (4th Cir. 2010) (internal quotation marks omitted).

Because Dillard did not move to withdraw her guilty plea in the district court or otherwise preserve any allegation of a Rule 11 error, we review the plea colloquy for plain error. *United States v. Sanya*, 774 F.3d 812, 815 (4th Cir. 2014). "To prevail on a claim of plain error, [Dillard] must demonstrate not only that the district court plainly erred, but also that this error affected [her] substantial rights." *Id*. at 816. In the guilty plea context, a defendant "must demonstrate a reasonable probability that, but for the error, [s]he would not have pleaded guilty." *Id*. (internal quotation marks omitted). "Further, we will not correct any error unless we are convinced that a refusal to do so would seriously affect the fairness, integrity or public reputation of judicial proceedings." *Id*. (internal quotation marks omitted).

We have reviewed the record and conclude that Dillard has not established plain error regarding her guilty plea. The district court substantially complied with the mandates of Rule 11 in accepting Dillard's guilty plea, and its omissions did not affect Dillard's substantial rights. Critically, the record reveals that the court ensured Dillard entered the plea knowingly and voluntarily, that she understood the consequences of her plea, and that the plea was supported by an independent basis in fact. Moreover, Dillard has not suggested — and we have not discovered any evidence in the record indicating — that she

3

would not have pleaded guilty absent the district court's omissions. Accordingly, we discern no plain error in the district court's acceptance of Dillard's guilty plea.

We next assess Dillard's sentence, which we review "under a deferential abuse-of-discretion standard." *Gall v. United States*, 552 U.S. 38, 41 (2007). In this case, we are obliged to evaluate both the procedural and substantive reasonableness of Dillard's sentence. *Id.* at 51. In evaluating procedural reasonableness, we consider whether the district court properly calculated the defendant's advisory Sentencing Guidelines range, gave the parties an opportunity to argue for an appropriate sentence, considered the 18 U.S.C. § 3553(a) sentencing factors, and sufficiently explained the selected sentence. *Id.* In assessing substantive reasonableness, we consider "the totality of the circumstances." *Id.* "Any sentence that is within or below a properly calculated Guidelines range is presumptively [substantively] reasonable. Such a presumption can only be rebutted by showing that the sentence is unreasonable when measured against the . . . § 3553(a) factors." *United States v. Louthian*, 756 F.3d 295, 306 (4th Cir. 2014) (citation omitted).

Our review of the record reveals that Dillard's sentence is both procedurally and substantively reasonable. As to procedural reasonableness, the district court properly calculated Dillard's total offense level, criminal history category, and advisory Guidelines range. The district court also provided an adequate, individualized explanation to support the sentence. Specifically, the district court acknowledged Dillard's difficult childhood and her struggle with addiction, but also noted the seriousness of her offense, her significant role in the conspiracy, her apparent disrespect for the law, and the need for adequate deterrence and protection of the public. As to substantive reasonableness, we

4

discern nothing in the record to overcome the presumption of reasonableness accorded Dillard's within-Guidelines sentence.

Finally, we briefly address the two remaining issues raised by counsel — prosecutorial misconduct and ineffective assistance of counsel. First, our review of the record reveals no evidence of prosecutorial misconduct. Second, we decline to address the ineffective assistance of counsel claim in this direct appeal because counsel's ineffectiveness does not conclusively appear on the face of the record. *See United States v. Baptiste*, 596 F.3d 214, 216 n.1 (4th Cir. 2010) ("Claims of ineffective assistance of counsel may be raised on direct appeal only where the record conclusively establishes ineffective assistance. Otherwise, the proper avenue for such claims is a 28 U.S.C. § 2255 motion filed with the district court." (citation omitted)).

In accordance with *Anders*, we have reviewed the record in this case and have found no meritorious issues for appeal. We therefore affirm the district court's amended judgment. This court requires that counsel inform Dillard, in writing, of the right to petition the Supreme Court of the United States for further review. If Dillard requests that a petition be filed but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Dillard.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

5